UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMMY LAQUADE STEWART, | Case No.: 2:21-cv-01490-APG-BNW |
| Petitioner, | **ORDER** |
| v. | |
| CALVIN JOHNSON, *et al.*, | |
| Respondents. | |

Tommy Laquade Stewart is incarcerated at Nevada's High Desert State Prison. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On August 9, 2021, Stewart filed an application to proceed *in forma pauperis* (ECF No. 1), along with his habeas petition (ECF No. 1-1) and a motion for appointment of counsel (ECF No. 1-2).

I find that Stewart is able to pay the filing fee for this action. I will therefore deny the *in forma pauperis* application. However, I will not require Stewart to pay the filing fee until after counsel appears for him.

State prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. Stewart is serving a sentence of life in prison with the possibility of parole, and it appears that the petition raises issues that may be relatively complex, such that Stewart will not be able to adequately litigate

this action without counsel.  Therefore, appointment of counsel is in the interests of justice.  I will grant Stewart's motion for appointment of counsel and appoint the Federal Public Defender for the District of Nevada (FPD) to represent him.

I have examined Stewart's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and I determine that it merits service upon the respondents.  I will order the petition served upon the respondents and the respondents to appear, but I will not require any further action on their part at this time.

I THEREFORE ORDER that Stewart's Application to Proceed *in Forma Pauperis* **(ECF No. 1) is DENIED**.

I FURTHER ORDER the Clerk of the Court to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1) and the Motion for Appointment of Counsel (ECF No. 1-2).

I FURTHER ORDER that Stewart Motion for Appointment of Counsel **(ECF No. 1-2) is GRANTED**.  The Federal Public Defender for the District of Nevada (FPD) is appointed to represent Stewart.  If the FPD is unable to represent him because of a conflict of interest or for any other reason, alternate counsel will be appointed.  In either case, counsel will represent Stewart in all federal court proceedings relating to this matter unless allowed to withdraw.

I FURTHER ORDER the Clerk of the Court to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1).

I FURTHER ORDER that the FPD will have until September 17, 2021 to file a notice of appearance or to indicate its inability to represent Stewart in this case.

I FURTHER ORDER that the requirement that Stewart pay the filing fee for this action is suspended. The court will set a deadline for payment of the filing fee after counsel appears for Stewart.

I FURTHER ORDER the Clerk of the Court to add Aaron Ford, Attorney General of the State of Nevada, as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

I FURTHER ORDER that the respondents will have until September 17, 2021 to appear in this action. The respondents are not required to respond to the habeas petition at this time.

Dated: August 16, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE