UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMMY LAQUADE STEWART, | Case No.: 2:21-cv-01490-APG-BNW |
| Petitioner, | **ORDER** |
| v. | |
| CALVIN JOHNSON, *et al.*, | |
| Respondents. | |

This habeas corpus action is brought by Tommy Laquade Stewart, an individual incarcerated at Nevada's High Desert State Prison. Stewart is represented by appointed counsel. The respondents have filed a motion to dismiss, arguing that some of Stewart's claims are unexhausted or procedurally defaulted. I will grant the motion to dismiss in part and dismiss one of Stewart's claims. I will deny the rest of the motion to dismiss without prejudice to the respondents asserting their procedural default defense as to certain of the claims in their answer.

**I.   BACKGROUND**

In its ruling on Stewart's direct appeal, the Supreme Court of Nevada described the factual background of the case as follows:

> Appellant Tommy Stewart, along with another unidentified man, demanded entry into victim Natasha Lumba's apartment at gunpoint, ordered Lumba to lie face down in her bedroom while being guarded, and stole electronics, cash, and other personal items from the apartment. After a three-day jury trial, Stewart was found guilty on all counts and given a sentence of life with the possibility of parole.
>
> \* \* \*
>
> *The crime*
>
> On January 20, 2015, Stewart and another unidentified man approached Lumba as she entered her apartment, held her at gunpoint, and told her to let them

into the apartment. Once in the apartment, the men told Lumba to lie face down on the ground in the back bedroom. The men took turns guarding Lumba while ransacking her apartment and looking for things to steal. While Lumba was on the floor, one of the attackers put his hand under her bra and underwear to search for money or items she might have concealed.

After approximately 10 or 15 minutes, the two men finished their search of the apartment. Just before leaving, the two men told Lumba not to call the police or they would come back to kill her. The two men left Lumba's apartment, taking with them various electronics and cash. Lumba later called 911, and Las Vegas Metropolitan Police Department (LVMPD) personnel arrived on scene.

*The investigation*

During their investigation, LVMPD evidence technicians found Stewart's fingerprints on Lumba's jewelry box. Additionally, LVMPD detectives conducted a follow-up interview and photographic lineup, wherein Lumba identified two potential suspects, one of whom was Stewart. The LVMPD located Stewart and detained him for further questioning.

*The interrogation*

Prior to questioning, an LVMPD detective read Stewart the warning from the LVMPD *Miranda* card:

> You have the right to remain silent. Anything you say can be used against you in a court of law. You have the right to have the presence of an attorney during questioning. If you cannot afford an attorney one will be appointed before questioning. Do you understand these rights?

Stewart indicated that he understood his rights and agreed to talk with the detective. Stewart initially denied being at Lumba's apartment but later admitted to being there after being confronted with the fingerprint evidence. Stewart admitted to being in Lumba's apartment on the night in question with another man and admitted to stealing her personal effects, but Stewart stated that he had not entered the bedroom.

*The trial*

The State charged Stewart with conspiracy to commit robbery, burglary while in possession of a firearm, robbery with use of a deadly weapon, and first-degree kidnapping with use of a deadly weapon.

Stewart filed two pretrial motions to suppress his statement to LVMPD detectives, arguing that the LVMPD's *Miranda* warning was

legally insufficient. The district court denied both motions.

After a three-day trial, the jury found Stewart guilty on all counts. Stewart was sentenced to life with the possibility of parole.

*Stewart v. State*, 393 P.3d 685, 686–87 (Nev. 2017) (a copy of the opinion has been filed at ECF No. 25-25). The Supreme Court of Nevada affirmed Stewart's conviction on May 4, 2017. *Id.*

Stewart filed a *pro se* petition for writ of habeas corpus in the state district court on March 8, 2018. ECF No. 26-16. He subsequently filed four *pro* se supplemental habeas petitions. ECF Nos. 26-21, 26-23, 26-25, 26-26. The court appointed counsel for Stewart, and counsel filed a further supplemental petition on Stewart's behalf. ECF Nos. 22-2 at 28, 27-1. In an order filed on December 23, 2019, the court struck Stewart's four *pro se* supplemental petitions because they were filed without leave of court, and the court denied Stewart habeas corpus relief. ECF No. 28-10. Stewart appealed. ECF No. 28-3. Stewart's counsel was discharged (ECF No. 28-14) and new counsel was appointed for Stewart for his appeal. ECF No. 29-5. The Nevada Court of Appeals affirmed on June 7, 2021. ECF No. 29-15.

Stewart initiated this federal habeas corpus action by submitting a *pro se* petition for writ of habeas corpus for filing on August 9, 2021. ECF No. 4. I appointed counsel for Stewart (ECF No. 3), who filed a first amended habeas petition on November 22, 2021 (ECF No. 10) and a second amended habeas petition on April 8, 2021 (ECF No. 15).

I read Stewart's second amended petition—his operative petition—to assert the following claims:

> Ground 1: "Stewart was denied his due process rights under the Fifth and Fourteen Amendments because the evidence at trial was insufficient to support the conviction for kidnapping."
>
> Ground 2: "Stewart was denied his right to be free from self-incrimination under the Fifth and Fourteenth Amendments to the United States Constitution and in

3

violation of *Miranda v. Arizona* when he did not voluntarily and intelligently waive his rights."

Ground 3: "Trial and appellate counsel were ineffective for failing to meaningfully argue the necessity of the lesser included charges of false imprisonment and second degree kidnapping in the jury instructions in violation of Stewart's rights under the Fifth, Sixth and Fourteenth Amendments to the Constitution."

    A.    Stewart's trial counsel was ineffective for failing to request jury instructions regarding the lesser included offense of false imprisonment.

    B.    Stewart's appellate counsel was ineffective for failing to argue on appeal that it was error not to give jury instructions regarding the lesser included offense of false imprisonment.

    C.    Stewart's trial counsel was ineffective for failing to request jury instructions regarding the lesser included offense of second-degree kidnapping.

    D.    Stewart's appellate counsel was ineffective for failing to argue on appeal that it was error not to give jury instructions regarding the lesser included offense of second-degree kidnapping.

Ground 4: "Trial counsel was ineffective in violation of Stewart's Fifth, Sixth and Fourteenth Amendment rights under the Constitution."

    A. "Trial counsel was ineffective for failing to move to suppress the photo lineup in a pre-trial motion to suppress and for failing to object to the admission of the photo lineup during trial."

    B. "Trial counsel was ineffective for failing to properly and adequately file a motion to suppress Stewart's statement to police."

        1. "Trial counsel ineffectively filed an untimely motion to suppress, which hindered his ability to present relevant case law to the court that supported his motion."

        2. "Trial counsel ineffectively failed to plead relevant facts warranting suppression of Stewart's statement."

    C. "Trial counsel ineffectively failed to object to irrelevant and prejudicial recordings of jail calls."

> D. "Trial counsel was ineffective for failing to object to testimony from the victim about the actions of the second individual, who was never arrested or charged, when she was in her bedroom during the robbery."
>
> E. "The cumulative errors of trial counsel prejudiced Stewart."

ECF No. 15.

The respondents now move to dismiss. ECF No. 33. In their motion, they argue that all the claims in Grounds 3 and 4 are unexhausted or procedurally defaulted. In their reply, the respondents withdrew some of their arguments.

## II. DISCUSSION

### A. Exhaustion and Procedural Default – Legal Principles

A federal court generally cannot grant a state prisoner's petition for writ of habeas corpus unless the petitioner has exhausted available state-court remedies. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This means that a petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Byford*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). The petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or

evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented to the federal court in support of the claim. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988). On the other hand, new allegations that do not "fundamentally alter the legal claim already considered by the state courts" do not render a claim unexhausted. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994).

In some cases it may be appropriate for a federal court to anticipate a state-law procedural bar of a claim never presented in state court, and to treat that claim as technically exhausted but subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

In this case, the parties appear to agree, and I concur, that any claims not yet presented in state court would now be procedurally barred under Nev. Rev. Stat. § 34.726 (statute of limitations) or § 34.810 (successive petitions), for example, if Stewart were to return to state court to exhaust those claims. *See* ECF No. 33 at 8 (Respondents); ECF No. 15 at 27 and ECF No. 36 at 5–6, 8–9 (Stewart). Therefore, the anticipatory default doctrine applies to any claims Stewart has not presented in state court; any such claims are technically exhausted but subject to the procedural default doctrine.

Turning to the procedural default doctrine, a federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested—or, in the case of a technically exhausted claim, would rest—on a state law ground that is independent of the

federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The Court in *Coleman* described the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel may serve as cause to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held in *Coleman* that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance

of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9.

### B. Ground 3

In Ground 3 of his second amended habeas petition, Stewart claims: "Trial and appellate counsel were ineffective for failing to meaningfully argue the necessity of the lesser included charges of false imprisonment and second degree kidnapping in the jury instructions in violation of Stewart's rights under the Fifth, Sixth and Fourteenth Amendments to the Constitution." ECF No. 15 at 15. For purposes of analysis, I divide Ground 3 into four separate subclaims. In Ground 3A, Stewart claims that his trial counsel was ineffective for failing to request jury instructions regarding the lesser included offense of false imprisonment. In Ground 3B, Stewart claims that his appellate counsel was ineffective for failing to argue on appeal that it was error not to give jury instructions regarding the lesser included offense of false imprisonment. In Ground 3C, Stewart argues that his trial counsel was ineffective for failing to request jury instructions regarding the lesser included offense of second-degree kidnapping. In Ground 3D, Stewart argues that his appellate counsel was ineffective for failing to argue on appeal that it was error not to give jury instructions regarding the lesser included offense of second-degree kidnapping.

Stewart did not assert the claim in Ground 3A—ineffective assistance of trial counsel for not requesting jury instructions on the lesser included offense of false imprisonment—in state court on his direct appeal (*see* ECF No. 25-20 (opening brief)) or in his state habeas petition. *See* ECF Nos. 26-16, 26-21, 26-23, 26-25, 26-26, 27-1 (state petition and supplements). Stewart asserted this claim on the appeal in his state habeas action. *See* ECF No. 29-9 (opening brief). But the Nevada Court of Appeals ruled that the claim was procedurally barred because it was not

asserted in the state district court. ECF No. 29-15, p. 3 n. 1. Therefore, the claim in Ground 3A is subject to the procedural default doctrine. Stewart argues that he can overcome the procedural default under *Martinez* on account of ineffective assistance of his post-conviction counsel. This issue, however, is intertwined with the merits of the claim, such that it will be better addressed after full briefing of the merits of the claim in the respondents' answer and Stewart's reply. I will, therefore, deny the motion to dismiss Ground 3A, without prejudice to the respondents asserting the procedural default defense with respect to the claim in their answer.

Stewart did not assert the claim in Ground 3B—ineffective assistance of appellate counsel for failing to argue on appeal that it was error not to give jury instructions regarding the lesser included offense of false imprisonment—in state court on his direct appeal (*see* ECF No. 25-20) or in his state habeas petition. *See* ECF Nos. 26-16, 26-21, 26-23, 26-25, 26-26, 27-1. Stewart asserted this claim on the appeal in his state habeas action (*see* ECF No. 29-9) but, like Ground 3A, the Nevada Court of Appeals ruled that the claim was procedurally barred because it was not asserted in the state district court. ECF No. 29-15, p. 3 n. 1. Therefore, Ground 3B, like Ground 3A, is subject to the procedural default doctrine. Ground 3B is different from Ground 3A, however, in that Ground 3B is a claim of ineffective assistance of appellate counsel, not trial counsel. *Martinez* does not apply to claims of ineffective assistance of appellate counsel. Stewart makes no argument that he can overcome the procedural default of Ground 3B. I will, therefore, dismiss Ground 3B as procedurally defaulted.

Grounds 3C and 3D assert that Stewart's trial and appellate counsel, respectively, were ineffective for their failure to request, or raise an issue regarding, jury instructions concerning the lesser included offense of second-degree kidnapping. The respondents state in their reply that they withdraw their motion to dismiss these claims. ECF No. 39 at 2. Stewart asserted these

claims in his state habeas petition. *See* ECF No. 27-1. The state district court denied relief on the claims on their merits. ECF No. 28-10 at 21–24. Stewart then asserted the claims on appeal in his state habeas action. *See* ECF No. 29-9. The Nevada Court of Appeals affirmed denial of relief on the claims on their merits. ECF No. 29-15 at 2–3. Therefore, the claims in Grounds 3C and 3D are exhausted and not procedurally defaulted. I will deny the motion to dismiss Grounds 3C and 3D.

### C. Ground 4

In Ground 4, Stewart claims that his "[t]rial counsel was ineffective in violation of [his] Fifth, Sixth and Fourteenth Amendment rights under the Constitution." ECF No. 15 at 19. Ground 4 includes the following subparts:

> 4A. "Trial counsel was ineffective for failing to move to suppress the photo lineup in a pre-trial motion to suppress and for failing to object to the admission of the photo lineup during trial."
>
> 4B. "Trial counsel was ineffective for failing to properly and adequately file a motion to suppress Stewart's statement to police."
>
> > 1. "Trial counsel ineffectively filed an untimely motion to suppress, which hindered his ability to present relevant case law to the court that supported his motion."
> >
> > 2. "Trial counsel ineffectively failed to plead relevant facts warranting suppression of Stewart's statement."
>
> 4C. "Trial counsel ineffectively failed to object to irrelevant and prejudicial recordings of jail calls."
>
> 4D. "Trial counsel was ineffective for failing to object to testimony from the victim about the actions of the second individual, who was never arrested or charged, when she was in her bedroom during the robbery."
>
> 4E. "The cumulative errors of trial counsel prejudiced Stewart."

*Id*. at 19–27.

Stewart concedes that he has not presented any of Ground 4 to the state courts. ECF No. 15 at 27 ("This claim has not been presented to the state courts; however, it is technically exhausted and procedurally default[ed]."); ECF No. 36 at 8 ("The claim is technically exhausted because, although it has not been fairly presented to the state courts, state procedural rules would now bar consideration of the claim."). Stewart claims, though, that he can overcome the procedural default of the claims in Ground 4, under *Martinez*.

As with Ground 3A, the issue of the procedural default of the claims in Ground 4 is intertwined with the merits of the claims, such that the procedural default issue will be better addressed after full briefing of the merits of the claims in the respondents' answer and Stewart's reply. I will, therefore, deny the motion to dismiss Grounds 4A, 4B, 4C, 4D and 4E, without prejudice to the respondents asserting the procedural default defense with respect to those claims in their answer.

### III.    CONCLUSION

I THEREFORE ORDER that the respondents' Motion to Dismiss **(ECF No. 33) is GRANTED IN PART**. Ground 3B (as described above) of the petitioner's Second Amended § 2254 Petition (ECF No. 15) is DISMISSED. In all other respects, the Motion to Dismiss is denied.

I FURTHER ORDER that the respondents will have until **April 21, 2023** to file an answer responding to the remaining claims in the second amended habeas petition. In all other respects, the schedule for further proceedings set forth in the order entered September 23, 2021 (ECF No. 9) remains in effect.

Dated: January 14, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE